### STEPHEN STEVENS *vs.* GERSHOM M. FITCH & another.

The Rev. Sts. *c.* 116, make no provision for a reassessment of gross or annual damages assessed against a mill-owner for flowing lands, after the land-owner has elected to take the gross damages.

A mill-owner can maintain a complaint for reassessment of annual damages caused by his flowing lands, only when he stands liable for such damages under an existing judgment : He, therefore, cannot maintain such complaint, when the land-owner has elected the gross damages.

SHAW, C. J. The complainant in the present case was the respondent in the case next preceding. This was a complaint to the court of common pleas, setting forth at large the proceedings in the former case, in which Gershom M. and Ezekiel W. Fitch were complainants, and averring that the said complainants elected to take the sum awarded by the verdict for their gross damages for the present complainant's flowing their lands, which election was seasonably entered on the record, and judgment entered accordingly. This complainant, who was the respondent in the former suit, then avers that he was and is dissatisfied with the assessment of said gross damages, and prays for a reassessment. On demurrer in the court of common pleas, judgment

was rendered against the complainant, from which he has appealed to this court.

This complaint is founded on the Rev. Sts. c. 116, § 33. But we think it extremely clear, that the statute provides only for a reassessment of annual damages, and that, under very limited restrictions; and that there is no provision for the reassessment of gross damages when they are once elected by the complainant. When they are so elected, the judgment is final and conclusive; and if the mill-owner fails to pay the amount within the time limited, he shall lose all benefit of the act until they are paid with interest.

But the complainant, supposing it clear that the complaint, as it stands, on the allegation of his dissatisfaction with the gross damages, and a petition for their reassessment, asks leave to amend his complaint, and aver that he was dissatisfied with the assessment of the annual damages, and thus bring his case within the terms of the act. In that case, he would contend that he was dissatisfied with the annual damages, because they were not high enough, and because, if they had been higher, the original complainants might have elected them instead of the gross damages; and thus the present complainant might have avoided the judgment for this sum. But we are of opinion, that such amendment would not aid him. Taking the provisions together, it is very clear, that it is only when the mill-owner stands liable under an existing judgment for annual damages, that such complaint for their reassessment will lie. Of course, when the land-owner has elected to take the gross damage, and the mill-owner is not liable for annual damage, the case for a reassessment does not exist. Further; no such complaint shall be brought until the expiration of one month after the payment for the then last year shall have fallen due, § 35; of course not till after the expiration of more than one year from the judgment for annual damage on the former assessment. Nor will it lie on the part of the mill-owner, except for the purpose of reducing the annual damage: §§ 35, 36, 37. An averment, therefore, on the part of the mill-owner, that he is dissatisfied with the annual damage awarded against him, because it is too low, would not bring his case within the

object and purpose of the statute, however it might seem to be within the letter.

*Demurrer sustained, and judgment that the complainant take nothing by his complaint.*

*L. Church*, of Connecticut, for the complainant.

*Wells*, for the respondents.